

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

THADDEUS LEONDRA SHAW,            §
                                  §
            Petitioner,           §
                                  §
v.                                §         No. 4:15-CV-515-A
                                  §
LORIE DAVIS, Director,[1]         §
Texas Department of Criminal      §
Justice, Correctional            §
Institutions Division,            §
                                  §
            Respondent.           §

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 filed by petitioner, Thaddeus Leondra Shaw, a state

prisoner incarcerated in the Correctional Institutions Division

of the Texas Department of Criminal Justice (TDCJ) against Lorie

Davis, Director of TDCJ, respondent. After having considered the

pleadings, state court records, and relief sought by petitioner,

the court has concluded that the petition should be dismissed, in

part, as time-barred and denied, in part.

---

[1]Effective May 4, 2016, Lorie Davis replaced William Stephens as
director of the Correctional Institutions Division of the Texas Department of
Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is
automatically substituted as the party of record.

## I.   Factual and Procedural History

In December 2008 petitioner was indicted in Tarrant County, Texas, on one count of possession of a controlled substance, cocaine, in the amount of one gram or more but less than four grams. (Clerk's R. at 2.) On June 9, 2009, a jury found petitioner guilty of the offense, petitioner pleaded true to the repeat-offender notice in the indictment, and the jury assessed his punishment at 12 years' confinement. (*Id.* at 76.) The Eighth District Court of Appeals affirmed the trial court's judgment, and, on July 27, 2011, the Texas Court of Criminal Appeals refused his petition for discretionary review. (Op. at 5.) Petitioner did not seek writ of certiorari. (Pet. at 3.) On April 18, 2015, petitioner filed a state habeas application challenging his conviction and TDCJ's April 2015 denial of his release to mandatory supervision.[2] On July 10, 2015, the Texas Court of Criminal Appeals denied the application on the findings of the trial court without a hearing. (*Id.*, "Action Taken.") This

---

[2]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" on page 17 of the application reflects the date the application was signed by petitioner. For purposes of this opinion, petitioner's state habeas application is deemed filed on that date.

federal petition was filed on July 10, 2015.[3]

## II.   Issues

Petitioner raises two grounds for relief: (1) the state
court lacked jurisdiction to impose a debt for a commercial crime
and (2) the Texas Board of Pardons and Paroles (the Board)
deprived him of a protected liberty interest in his previously
earned good time credits by denying his release to mandatory
supervision. (Pet. at 6-10[4]; State Habeas R. at 20.)

## III.   Statute of Limitations

Respondent asserts the petition is time-barred as to
petitioner's first ground under 28 U.S.C. § 2244(d), which
imposes a one-year statute of limitations on federal petitions
for writ of habeas corpus filed by state prisoners. (Resp't's
Answer at 1, 5-7.) Petitioner agrees that the claim is time-
barred and states that he may have presented the claim in error
and that he never intended to challenge his conviction again in
this federal petition. (Pet'r's Resp. at 1-2.[5]) Accordingly, by

---

[3]Similarly, petitioner's federal habeas petition is deemed filed when
placed in the prison mailing system. *Spotville v. Cain,* 149 F.3d 374, 377 (5th
Cir. 1998).

[4]Because there are unpaginated pages in the petition, the pagination in
the ECF header is used.

[5]Because petitioner's reply to respondent's answer is not paginated, the
pagination in the ECF header is used.

3

agreement of the parties, the first claim is time-barred.

### IV. Denial of Mandatory Supervision

Under his second ground, petitioner claims the Board deprived him of his liberty interest in his accrued good time credits by denying his release to mandatory supervision. (Pet. at 18-21.) Respondent asserts the claim should be denied as meritless. (Resp't's Answer at 1, 7-10.)

The Texas mandatory supervision statute in effect at the time petitioner committed the offense, and now, provides that "a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." TEX. GOV'T CODE ANN. § 508.147(a) (West 2012). Under § 508.149(b) however,

> (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
>
>> (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>>
>> (2) the inmate's release would endanger the public.

Id. § 508.149(b) (West Supp. 2014).

In April 2015 the Board denied petitioner's release for the

following reasons:

> 9D1- The record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation.
>
> 9D2. The record indicates that the inmate's release would endanger the public.
>
> 2D.  The record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts when released; or the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or the record indicates a juvenile or an adult arrest or investigation for felony and misdemeanor offenses.

(State Habeas R. at 20.)

A habeas corpus petitioner under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, any protected liberty interest to release prior to expiration of a petitioner's sentence must arise from state law. The Fifth Circuit has held that Texas's mandatory supervision scheme does create a constitutional expectancy of early release for eligible inmates and, as such, a protected liberty interest entitling an inmate to minimum due process

protection. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th

Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir.

2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Ex*

*parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000).

Toward that end, the Texas Court of Criminal Appeals has

determined that, in this context, constitutional due process

requires that an eligible inmate be provided timely notice of the

specific month and year he will be considered for mandatory

supervision release and a meaningful opportunity to be

heard-*i.e.*, an opportunity to tender or have tendered to the

Board information in support of release. *Ex parte Geiken*, 28

S.W.3d at 559-60; *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex.

Crim. App. 2004). Additionally, if release is denied, the inmate

must be informed in what respects he falls short of qualifying

for early release. *Ex parte Geiken*, 28 S.W.3d at 560. *See also*

TEX. GOV'T CODE ANN. § 508.149(c) (requiring the Board "shall

specify in writing the reasons" for denying release under §

508.149(b)).

Petitioner was given timely notice that he would be

considered for mandatory supervision release, an opportunity to

present or have presented evidence to the Board in support of his

release, the reasons for the Board's denial, and the month and

year he would be next considered. (Resp't's Answer, Ex. A.; State

Habeas R. at 20.) Accordingly, he received all the due process to

which he was entitled. Petitioner argues that the Board's reasons

are "not good enough" to take his mandatory release date away and

that there is no evidence to validate the reasons given. (Pet'r's

Resp. at 2.) However, the Board is not required to be more

specific when stating the reasons for its decision or to provide

evidence in support of its decision. *See Greenholtz*, 442 U.S. at

15 (holding due process does not require a parole board to

provide specific evidentiary support for its decisions); *Boss v.

Quarterman*, 552 F.3d 425, 428-29 (5th Cir. 2008) (holding due

process does not require further explanation than the "paragraphs

cut verbatim from the Parole Board's Directives").

Further, to the extent petitioner claims application of §

508.149(b) to his case constitutes a bill of attainder and

violates the ex post facto clause, the claims also fail. A bill

of attainder is "a law that legislatively determines guilt and

inflicts punishment upon an identifiable individual without

provision of the protections of a judicial trial." *Nixon v. Adm'r

of Gen. Services*, 433 U.S. 423, 468 (1977). Texas laws

determining eligibility for early release from confinement to

mandatory supervision are laws of neutral application. As such,

7

they are not unconstitutional bills of attainder passed by a legislature to specifically deprive an individual, in this case petitioner, of his liberty or inflict punishment without a judicial trial. Petitioner's ex post facto claim fails because he is serving his 12-year sentence for an offense that was committed after the effective date of § 508.149(b). *See McCall v. Dretke*, 390 F.3d 358, 363-66 (5th Cir. 2004).

For the reasons discussed herein,

It is ORDERED that petitioner's first ground for relief be, and is hereby, dismissed as time-barred and that his second ground be, and is hereby, denied. It is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED September 28 , 2016.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE